# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JOHNNY HOLLIMAN, )
)
        Plaintiff, )
)
v. ) Case No. CIV-13-428-KEW
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

## OPINION AND ORDER

Plaintiff Johnny Holliman (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 24, 1973 and was 38 years old at the time of the ALJ's decision. Claimant completed his high school education with special education classes. Claimant has worked in the past as a construction laborer, bull dozer operator and cattle worker at a livestock auction. Claimant alleges an inability to work beginning July 1, 2010 due to limitations resulting from back

pain, asthma, depression, and foot pain.

**Procedural History**

On October 22, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On May 23, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Lantz McClain in Fort Smith, Arkansas. By decision dated June 27, 2009, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on July 22, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with restrictions.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to propound a proper hypothetical question to the vocational expert;

(2) failing to properly evaluate the medical and other source opinions; and (3) failing to perform a proper credibility analysis.

**Step Four and Five Analysis**

In his decision, the ALJ found Claimant suffered from the severe impairments of a history of back pain, asthma, hypertension, history of bilateral foot pain, obesity, and borderline intellectual functioning. (Tr. 17). The ALJ determined Claimant retained the RFC to perform sedentary work except the ALJ found Claimant needed to avoid concentrated exposure to such things as fumes, odors, gases, and poor ventilation. Claimant was also found to be limited to simple, repetitive tasks. (Tr. 20).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of assembler and clerical mailer, which the vocational expert testified existed in sufficient numbers nationally and regionally. (Tr. 26). The ALJ, therefore, concluded Claimant was not disabled. Id.

Claimant contends the ALJ failed to include all of his impairments in posing hypothetical questions to the vocational expert. The ALJ found Claimant had a full scale IQ of 84, placing his overall functioning in the borderline range, mild restrictions in activities of daily living, mild difficulties in social functioning, moderate difficulties in concentration, persistence,

or pace, with no episodes of decompensation. (Tr. 19-20). These are known as the "paragraph B" criteria in evaluating a claimant's qualification for a listing. The ALJ referred to this criteria as "paragraph D" because of the particular listing he was considering. (Tr. 19).

In his hypothetical to the vocational expert, the ALJ stated as follows:

> Now, Dr. Young, let me ask you some hypothetical questions, then. Let's say we had an individual the same age, education, and vocational history as this Claimant, who was limited to sedentary work, as described by the [INAUDIBLE]; could occasionally lift or carry 10 pounds; frequently lift or carry up to 10 pounds; stand and/or walk at least two hours in an eight-hour work day, and sit at least six hours in an eight-hour work day, all with normal breaks.
>
> Let's further say this individual needed to avoid concentrated exposure to such things as fumes, odors, dusts, gases, and poor ventilation; and, was further limited to simple, repetitive tasks.
>
> (Tr. 49-50).

Claimant contends the findings in the paragraph B criteria were required to be included in the hypothetical questioning of the vocational expert. The regulations and the case authority in this Circuit do not support this position. The social security ruling on assessing a claimant's RFC cautions that "[t]he adjudicator must remember that the limitations identified in the 'paragraph B' ...

criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." Soc. Sec. R. 96-8p. The Tenth Circuit has specifically found that the failure to include a moderate limitation in social functioning, for example, in the RFC based solely upon the finding at step three is not error. Beasley v. Colvin, 520 Fed. Appx. 748, 754 (10th Cir. 2013). The court also declined the claimant's invitation to read Franz v. Astrue, 509 F.3d 1299, 1303 n.3 (10th Cir. 2007) as "requiring an ALJ's RFC assessment to mirror his step three-findings," finding such language as "dicta." Id. at 754 n.3.

Claimant cites to the case of Wells v. Colvin, 727 F.3d 1061, 1065 n.3 (10th Cir. 2013) in support of his argument that the paragraph B criteria limitations must be included in the hypothetical questions posed to the vocational expert. The footnote simply does not state this position. The court found a mild restriction should have been considered at step two and subsequent steps. It does not require or even suggest the inclusion of the restrictions in the questioning of the expert. This Court finds no error in the hypothetical questioning of the vocational expert.

Claimant next asserts the ALJ failed to adequately consider

7

the same mental restrictions in his RFC. In assessing Claimant's mental limitations, the ALJ relied upon the consultative examination of Dr. Denise LaGrand conducted December 12, 2005. Dr. LaGrand found Claimant was easily understood and was responsive. His thoughts were organized, logical, and goal-directed and he was able to stay focused on the exam. His thought content and expression during the exam was appropriate. Claimant's orientation and contact with reality as well as his abstract reasoning and emotional control were all appropriate. Based upon testing, Claimant's full scale IQ was 84 although Dr. LaGrand stated that this was not an adequate representation of his overall functioning, concluding his vocabulary score indicated Claimant was in the borderline range. Dr. LaGrand assessed Claimant's mental state as "his ability to perform adequately in most job situations, handle the stress of a work setting and deal with supervisors or co-workers is estimated to be low average." (Tr. 218-21).

Additionally, on March 10, 2011, Dr. Jimmie W. Taylor conducted a consultative examination of Claimant. He observed that Claimant exhibited no signs or symptoms of severe depression and that his mentation and intelligibility of his speech were within normal limits. (Tr. 243-44).

On March 15, 2011, Dr. Deborah Carter completed a Psychiatric

Review Technique on Claimant. She concluded Claimant had only "mild" functional limitations in the areas of restriction of activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace. (Tr. 262). She found credible evidence of a history of depression but found Claimant's "mental condition appears mild and functional limits are not severe." (Tr. 264).

In his RFC assessment, the ALJ accommodated Claimant's mental limitations in his restriction to simple repetitive tasks. The RFC is an assessment of the most a claimant can do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). It is an administrative assessment, based on all of the evidence, of how a claimant's impairments and related symptoms affect her ability to perform work-related activities. Id.; *see also*, Soc. Sec. R. 96-5p. The ALJ properly set forth his narrative on how his limitations set out in his RFC accounted for Claimant's mental impairments.

Within this argument, Claimant also contends the ALJ failed to accommodate the borderline intellectual functioning found by Dr. LaGrand. As stated, the ALJ's RFC adequately incorporated this limitation in his functional analysis.

### Evaluation of Opinion Evidence

9

Claimant recognizes that the ALJ gave "great weight" to Dr. LaGrand's opinion but contends he erred in failing to accommodate her finding of "below average" ability to perform. This statement somewhat skews Dr. LaGrand's actual finding that Claimant's ability to perform in a work setting was "low average." (Tr. 221). The ALJ accepted Dr. LaGrand's statement and incorporated her findings in his RFC by limiting Claimant to simple, repetitive tasks. (Tr. 24). The ALJ also noted that the "low average" performance in various work-based functional areas found by Dr. LaGrand were not explained adequately to place further restriction upon Claimant's ability to work. Id. The ALJ did not disagree with Dr. LaGrand's findings. However, by giving Dr. LaGrand's opinion "great weight" and only accepting one relevant functional finding among many, he has effectively rejected the remainder of Dr. LaGrand's opinion.

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d

1205, 1208 (10th Cir. 2007). On remand, the ALJ shall first proceed through the applicable factors for weighing Dr. LaGrand's opinion. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). Thereafter, he shall consider the totality of Dr. LaGrand's opinion on functional limitations and provide specific and legitimate reasons for rejecting the other functional limitations found in the consultative examiner's report. If Dr. LaGrand should be recontacted to ascertain the basis for her findings, the ALJ shall exercise his authority to do so.

### Credibility Assessment

Claimant contends the ALJ failed to adequately explain his discounting of Claimant's credibility on the level of functional limitation caused by his condition. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors

that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. It must be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ detailed the bases for finding Claimant's testimony to be less than credible and made the required affirmative links to the medical record in a detailed discussion of the factual basis for rejecting the extent of Claimant's limitations. (Tr. 22-24) This Court finds no error in the ALJ's credibility assessment.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

    IT IS SO ORDERED this __30th__ day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE